UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## 24-20238-CR-BECERRA/TORRES

Case No. _____

18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1957(a)
18 U.S.C. § 982(a)(1)

FILED BY_____*MP*____D.C.

*Jun 6, 2024*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA

vs.

**MARCO ANTONIO RAMOS IZQUIERDO,**
**MARELYS RUIZ ULLOA,**
**JAKELINE ACNET CANOVA CEBRIAN,**
**ROBERTO CISNEROS CEBRIAN,**
**JOSE ANTONIO RIO ROCHE,**
**REINIEL CLARO ESTRADA,**
**MARIA DE LOS ANGELES ABREU PEREZ,**
**NELSON ENRIQUE GONZALEZ DIAZ,**
**JONATHAN JOSE MARTINEZ LAMBRANO,**
**ANA MARIA GOMEZ CONTRERAS,**
**LEVY ALBERTO COLINA GARCIA, and**
**GLORIA GUILLIBETH DIAZ SALAS,**

Defendants.

_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### The Medicare Program

1.     The Medicare Program ("Medicare") was a federal health care program that provided free or below-cost health care benefits to individuals who were sixty-five years of age or older or disabled. The benefits available under Medicare were governed by federal statutes and

regulations. The United States Department of Health and Human Services ("HHS"), through its agency the Center for Medicare and Medicaid Services ("CMS"), oversaw and administered Medicare. Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2.      Medicare was a "health care benefit program" as defined in Title 18, United States Code, Section 24(b).

3.      Medicare was subdivided into multiple program "parts." Medicare Part B covered physician services and outpatient care, including an individual's access to durable medical equipment ("DME").

### The Medicaid Program

4.      The Florida Medicaid Program ("Medicaid") was a partnership between the State of Florida and the federal government that provided health care benefits to certain low-income individuals and families in Florida. The benefits available under Medicaid were governed by federal and state statutes and regulations. Medicaid was administered by CMS and the State of Florida's Agency for Health Care Administration ("AHCA"). Individuals who received benefits under Medicaid were commonly referred to as Medicaid "recipients."

5.      Medicaid reimbursed DME companies and other health care providers for items and services rendered to recipients, including DME. To receive payment from Medicaid, providers submitted or caused the submission of claims to Medicaid, either directly or through a Medicaid Managed Care Organization ("MCO").

6.      Medicare beneficiaries who were dual-enrolled Medicaid recipients were referred to as "dual-eligible beneficiaries." To receive payment for dual eligible beneficiaries, providers submitted or caused the submission of claims to Medicare and Medicaid, either directly or through

a billing company or MCO. Medicare would reimburse the primary cost (80%) and Medicaid would cover the secondary cost (20%) for dual-eligible beneficiaries. Medicaid was funded with both federal and state money, and was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

### Durable Medical Equipment

7.     DME was equipment designed for everyday or extended use and for a medical purpose, such as orthotic devices, collagen dressing, wheelchairs, prosthetic limbs, nebulizers, and oxygen concentrators.

8.     DME companies, physicians, and other health care providers that provided services to Medicare beneficiaries and Medicaid recipients were referred to as "providers." To participate in Medicare, providers were required to submit an application in which the providers agreed to comply with all Medicare-related laws and regulations. If Medicare approved a provider's application, Medicare assigned the provider a Medicare "provider number." A health care provider with a Medicare provider number could file claims with Medicare to obtain reimbursement for services rendered to beneficiaries.

9.     Medicare reimbursed DME companies and other health care providers for items and services rendered to beneficiaries. To receive payment from Medicare, providers submitted or caused the submission of claims to Medicare, either directly or through a billing company.

10.     A Medicare claim for DME reimbursement was required to set forth, among other things, the beneficiary's name and unique Medicare identification number, the equipment provided to the beneficiary, the date the equipment was provided, the cost of the equipment, and the name and unique physician identification number of the physician who prescribed or ordered the equipment.

11.     A claim for DME submitted to Medicare qualified for reimbursement only if it was medically necessary for the treatment of the beneficiary's illness or injury, prescribed by a licensed physician and actually provided to the beneficiary as claimed.

### Relevant Banks

12.     Bank 1 was a financial institution based in New York, New York.

13.     Bank 2 was a financial institution based in Charlotte, North Carolina.

14.     Bank 3 was a financial institution based in Cherry Hill, New Jersey.

15.     Bank 4 was a financial institution based in San Francisco, California.

### The DME Companies

16.     Cleveland Medical Supply Inc ("Cleveland Medical") was a Florida corporation located at 4720 SE 15th Ave., Unit 215, Cape Coral, Florida.

17.     Community Medical Supply Inc ("Community Medical") was a Florida corporation located at 4720 SE 15th Ave., Unit 214, Cape Coral, Florida.

18.     Del Prado Medical Supply Inc ("Del Prado Medical") was a Florida corporation located at 1323 Lafayette St., Ste. I, Cape Coral, Florida.

19.     Eddie's Med Supply LLC ("Eddie's Med") was a Florida corporation located at 2500 NW 79 Ave, Suite 213, Doral, Florida.

20.     Express Rx Pharmacy Inc ("Express Rx") was a Florida corporation located at 9999 SW 72nd St., #101, Miami, Florida.

21.     Gables Medical Supply, Inc ("Gables Medical") was a Florida corporation located at 5545 SW 8 St., #209, Coral Gables, Florida.

22.     Gold Medical Supply Inc ("Gold Medical") was a Florida corporation located at 413 NE Van Loon Ln., Suite 120, Cape Coral, Florida.

4

23.     Medica Merica Supplies Corp ("Medica Merica") was a Florida corporation located at 4700 N Hiatus Rd., Ste. 253, Sunrise, Florida.

24.     New Way Med Supply LLC ("New Way Med") was a Florida corporation located at 8358 W Oakland Park Blvd, Suite 203B, Sunrise, Florida.

25.     One Sky Medical LLC ("One Sky") was a Florida corporation located at 4700 N Hiatus Rd., Suite 151-C, Sunrise, Florida.

26.     One Way Medical, LLC ("One Way") was a Florida corporation located at 10300 SW 72 St, Suite 453, Miami, Florida.

27.     Pegasus Medical Supply LLC ("Pegasus Medical") was a Florida corporation located at 4400 N. Federal Highway, Suite 34, Boca Raton, Florida.

28.     Premiere Medical Supply Inc ("Premiere Medical") was a Florida corporation located at 1306 SE 46th Ln., #1A, Cape Coral, Florida.

29.     TAP Medical Supplies, Inc ("TAP Medical") was a Florida corporation located at 13077 SW 133rd Ct., Miami, Florida.

30.     Cleveland Medical, Community Medical, Del Prado Medical, Eddie's Med, Express Rx, Gables Medical, Gold Medical, Medica Merica, New Way Med, One Sky, One Way, Pegasus Medical, Premiere Medical, and TAP Medical (collectively, the "DME Companies") were companies that purportedly provided DME to Medicare and Medicaid beneficiaries.

### The Shell Companies

31.     1 Stop Supplies Corp ("1 Stop Supplies") was a Florida corporation located at 14535 SW 24 Ter., Miami, Florida. 1 Stop Supplies held corporate bank accounts at Bank 1 ending in 8130 (the "1 Stop Supplies Bank 1 Account") and Bank 2 ending in 0941 (the "1 Stop Supplies Bank 2 Account").

32. Business Wholesale Corp. ("Business Wholesale") was a Florida corporation located at 1901 NW 30 St., Apt. 4, Miami, Florida. Business Wholesale held a corporate bank account at Bank 2 ending in 6647 (the "Business Wholesale Account").

33. Champion Welding Performance Corp. ("Champion Welding") was a Florida corporation located at 12833 SW 229 Terrace, Miami, Florida.

34. DMS Wholesale LLC ("DMS Wholesale") was a Florida corporation located at 1775 W 58 St., Hialeah, Florida.

35. JCC General Services Corp. ("JCC General") was a Florida corporation located at 3031 NW 19 Ave., Apt. 219, Miami, Florida. JCC General held corporate bank accounts at Bank 1 ending in 8050 (the "JCC General Bank 1 Account") and Bank 3 ending in 9816 (the "JCC General Bank 3 Account").

36. J&J Distributor Supply Corp ("J&J Distributor") was a Florida corporation located at 7179 SW 21st, Apt. #3, Miami, Florida. J&J Distributor held a corporate bank account at Bank 2 ending in 7330 (the "J&J Distributor Account").

37. MDL Wholesale Corp. ("MDL Wholesale") was a Florida corporation located at 595 NW 129 St., North Miami, Florida. MDL Wholesale held corporate bank accounts at Bank 2 ending in 4319 (the "MDL Wholesale Bank 2 Account") and Bank 3 ending in 9029 (the "MDL Wholesale Bank 3 Account").

38. Oranky Food Service Corp. ("Oranky Food Service") was a Florida corporation located at 1323 Lafayette St., Cape Coral, Florida.

39. Ramos Izquierdo Construction Corp ("Izquierdo Construction") was a Florida corporation located at 19280 SW 124 Ct., Miami, Florida. Izquierdo Construction held a corporate bank account with Bank 4 ending in 3044 (the "Izquierdo Construction Account").

40. 1 Stop Supplies, Business Wholesale, Champion Welding, DMS Wholesale, JCC General, J&J Distributor, MDL Wholesale, Oranky Food Service, and Ramos Izquierdo Construction were shell companies that received Medicare and Medicaid funds from the DME Companies and wrote checks to other entities and individuals (the "Shell Companies").

## The Defendants

41. Defendant **MARCO ANTONIO RAMOS IZQUIERDO** was the registered agent and president of Ramos Izquierdo Construction, and a resident of Miami-Dade County.

42. Defendant **MARELYS RUIZ ULLOA** was the registered agent and president of MDL Wholesale, and a resident of Miami-Dade County.

43. Defendant **JAKELINE ACNET CANOVA CEBRIAN** was the registered agent and president of JCC General, and a resident of Miami-Dade County.

44. Defendant **ROBERTO CISNEROS CEBRIAN** was the registered agent and president of Business Wholesale, and a resident of Miami-Dade County.

45. Defendant **JOSE ANTONIO RIO ROCHE** was the registered agent and president of J&J Distributor, and a resident of Miami-Dade County.

46. Defendant **REINIEL CLARO ESTRADA** was the registered agent and president of 1 Stop Supplies, and a resident of Miami-Dade County.

47. Defendant **MARIA DE LOS ANGELES ABREU PEREZ** was a resident of Miami-Dade County.

48. Defendant **NELSON ENRIQUE GONZALEZ DIAZ** was a resident of Miami-Dade County.

49. Defendant **JONATHAN JOSE MARTINEZ LAMBRANO** was a resident of Miami-Dade County.

50.     Defendant **ANA MARIA GOMEZ CONTRERAS** was a resident of Miami-Dade County.

51.     Defendant **LEVY ALBERTO COLINA GARCIA** was a resident of Miami-Dade County.

52.     Defendant **GLORIA GUILLIBETH DIAZ SALAS** was a resident of Miami-Dade County.

## COUNT 1
### Conspiracy to Commit Money Laundering
### (18 U.S.C. § 1956(h))

1.     The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.     From in or around April 2020, through in or around December 2021, in Miami-Dade County, in the Southern District of Florida, and elsewhere the defendants,

**MARCO ANTONIO RAMOS IZQUIERDO,
MARELYS RUIZ ULLOA,
JAKELINE ACNET CANOVA CEBRIAN,
ROBERTO CISNEROS CEBRIAN,
JOSE ANTONIO RIO ROCHE,
REINIEL CLARO ESTRADA,
MARIA DE LOS ANGELES ABREU PEREZ,
NELSON ENRIQUE GONZALEZ DIAZ,
JONATHAN JOSE MARTINEZ LAMBRANO,
ANA MARIA GOMEZ CONTRERAS,
LEVY ALBERTO COLINA GARCIA, and
GLORIA GUILLIBETH DIAZ SALAS,**

did knowingly and voluntarily combine, conspire, confederate and agree with each other and other persons known and unknown to the Grand Jury, to commit offenses under Title 18, United States Code, Sections 1956 and 1957, as follows:

(a) to knowingly engage in a monetary transaction by, through, and to a financial institution affecting interstate and foreign commerce, in criminally derived property of a value greater than

$10,000, and such property having been derived from specified unlawful activity, knowing that the property involved in the monetary transaction was derived from some form of unlawful activity, in violation of Title 18, United States Code, Section 1957(a).

(b) to knowingly conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

It is further alleged that the specified unlawful activity is health care fraud, in violation of Title 18, United States Code, Section 1347.

### PURPOSE OF THE CONSPIRACY

3.      It was a purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by laundering the proceeds of fraudulent claims submitted by the DME Companies to Medicare and Medicaid into and through the bank accounts of the Shell Companies in the Southern District of Florida, as well as through cash withdrawals and checks written to repeat check cashers.

### MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4.      The DME Companies submitted false and fraudulent claims to Medicare and Medicaid for DME that was medically unnecessary and not provided to Medicare beneficiaries as represented. As a result of such false and fraudulent clams, Medicare and Medicaid paid approximately $17,600,000 to the DME Companies.

5. Upon deposit of the fraud proceeds into the DME Companies' corporate bank accounts, the DME Companies transferred approximately $3,906,649 of the fraud proceeds to the Shell Companies located in the Southern District of Florida.

6. **MARCO ANTONIO RAMOS IZQUIERDO, MARELYS RUIZ ULLOA, JAKELINE ACNET CANOVA CEBRIAN, ROBERTO CISNEROS CEBRIAN, JOSE ANTONIO RIO ROCHE, REINIEL CLARO ESTRADA,** and their co-conspirators wrote checks from the Shell Companies to each other and to individual check cashers, including **MARIA DE LOS ANGELES ABREU PEREZ, NELSON ENRIQUE GONZALEZ DIAZ, JONATHAN JOSE MARTINEZ LAMBRANO, ANA MARIA GOMEZ CONTRERAS, LEVY ALBERTO COLINA GARCIA,** and **GLORIA GUILLIBETH DIAZ SALAS**.

7. **MARCO ANTONIO RAMOS IZQUIERDO, MARELYS RUIZ ULLOA, JAKELINE ACNET CANOVA CEBRIAN, ROBERTO CISNEROS CEBRIAN, JOSE ANTONIO RIO ROCHE,** and **REINIEL CLARO ESTRADA** also made cash withdrawals from the Shell Companies.

8. **MARIA DE LOS ANGELES ABREU PEREZ, NELSON ENRIQUE GONZALEZ DIAZ, JONATHAN JOSE MARTINEZ LAMBRANO, ANA MARIA GOMEZ CONTRERAS, LEVY ALBERTO COLINA GARCIA,** and **GLORIA GUILLIBETH DIAZ SALAS** each received dozens of individual checks for approximately $4,000 to $9,000 each from the Shell Companies worth a combined approximate amount of $2,513,381 and cashed those checks at bank branches in the Southern District of Florida.

9. **JOSE MARTINEZ LAMBRANO** and **LEVY ALBERTO COLINA GARCIA** paid other check cashers between approximately $100 and $200 to cash checks from the Shell Companies and then return the proceeds.

10.     The defendants and their co-conspirators used the laundered fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the conspiracy.

All in violation of Title 18, United States Code, Section 1956(h).

### COUNTS 2-23
**Money Laundering**
**(18 U.S.C. § 1957(a))**

1.     The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.     On or about the dates specified below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**MARCO ANTONIO RAMOS IZQUIERDO,**
**MARELYS RUIZ ULLOA,**
**JAKELINE ACNET CANOVA CEBRIAN,**
**ROBERTO CISNEROS CEBRIAN,**
**JOSE ANTONIO RIO ROCHE, and**
**REINIEL CLARO ESTRADA,**

did knowingly engage in and attempt to engage in a monetary transaction by, through, and to a financial institution affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, as more particularly described in each Count below:

| Count | Approximate Date | Defendant | Description of Transaction |
|-------|------------------|-----------|----------------------------|
| 2 | July 16, 2020 | **JAKELINE ACNET CANOVA CEBRIAN** | Deposit of check written from Gables Medical in the approximate account of $32,620 into the JCC General Bank 1 Account. |
| 3 | January 6, 2021 | **MARCO ANTONIO RAMOS IZQUIERDO** | Deposit of check written from Express Rx in the approximate amount of $67,354 into the Izquierdo Construction Account. |

| Count | Approximate Date | Defendant | Description of Transaction |
|---|---|---|---|
| 4 | January 22, 2021 | **JAKELINE ACNET CANOVA CEBRIAN** | Deposit of check written from TAP Medical in the approximate amount of $49,000 into the JCC General Bank 3 Account. |
| 5 | February 4, 2021 | **MARCO ANTONIO RAMOS IZQUIERDO** | Deposit of check written from TAP Medical in the approximate amount of $83,000 into the Izquierdo Construction Account. |
| 6 | February 4, 2021 | **JAKELINE ACNET CANOVA CEBRIAN** | Deposit of check written from Premiere Medical in the approximate amount of $79,500 into the JCC General Bank 3 Account. |
| 7 | February 11, 2021 | **ROBERTO CISNEROS CEBRIAN** | Deposit of check written from TAP Medical in the approximate amount of $48,500 into the Business Wholesale Account. |
| 8 | March 10, 2021 | **ROBERTO CISNEROS CEBRIAN** | Wire transfer from Cleveland Medical in the approximate amount of $30,250 deposited into the Business Wholesale Account. |
| 9 | March 11, 2021 | **ROBERTO CISNEROS CEBRIAN** | Deposit of check written from Premiere Medical in the approximate amount of $55,742 into the Business Wholesale Account. |
| 10 | April 8, 2021 | **MARELYS RUIZ ULLOA** | Wire transfer from Cleveland Medical in the approximate amount of $72,200 deposited into the MDL Wholesale Bank 3 Account. |
| 11 | April 12, 2021 | **MARELYS RUIZ ULLOA** | Deposit of check written from Gold Medical in the approximate amount of $43,755 into the MDL Wholesale Bank 3 Account. |
| 12 | May 3, 2021 | **MARCO ANTONIO RAMOS IZQUIERDO** | Deposit of check written from Pegasus Medical in the approximate amount of $27,800 into the Izquierdo Construction Account. |
| 13 | June 8, 2021 | **JOSE ANTONIO RIO ROCHE** | Wire transfer from Cleveland Medical in the approximate amount of $72,000 deposited into the J&J Distributor Account. |
| 14 | June 15, 2021 | **REINIEL CLARO ESTRADA** | Wire transfer from Community Medical in the approximate amount of $32,500 deposited into the 1 Stop Supplies Bank 1 Account. |

| Count | Approximate Date | Defendant | Description of Transaction |
|---|---|---|---|
| 15 | June 30, 2021 | **MARELYS RUIZ ULLOA** | Deposit of check written from Eddie's Med in the approximate amount of $46,009 into the MDL Wholesale Bank 2 Account. |
| 16 | July 15, 2021 | **MARELYS RUIZ ULLOA** | Wire transfer from One Sky in the approximate amount of $61,000 deposited into the MDL Wholesale Bank 2 Account. |
| 17 | July 16, 2021 | **JOSE ANTONIO RIO ROCHE** | Wire transfer from Community Medical in the approximate amount of $51,000 deposited into the J&J Distributor Account. |
| 18 | July 20, 2021 | **REINIEL CLARO ESTRADA** | Wire transfer from Cleveland Medical in the approximate amount of $71,200 deposited into the 1 Stop Supplies Bank 1 Account. |
| 19 | July 23, 2021 | **REINIEL CLARO ESTRADA** | Deposit of check written from Eddie's Med in the approximate amount of $74,354 into the 1 Stop Supplies Bank 1 Account. |
| 20 | August 2, 2021 | **JOSE ANTONIO RIO ROCHE** | Wire transfer from Medica Merica in the approximate amount of $50,000 with notation "Pay of Invoice 4200" deposited into the J&J Distributor Account. |
| 21 | August 18, 2021 | **MARELYS RUIZ ULLOA** | Deposit of check written from Community Medical with the memo line "pay invoice #3410," in the approximate amount of $62,000 into the MDL Wholesale Bank 2 Account. |
| 22 | September 7, 2021 | **MARELYS RUIZ ULLOA** | Deposit of check from Oranky Food Service in the approximate amount of $50,000 into the MDL Wholesale Bank 2 Account. |
| 23 | September 7, 2021 | **REINIEL CLARO ESTRADA** | Deposit of check from Oranky Food Service in the approximate amount of $60,000 into the 1 Stop Supplies Bank 2 Account. |

It is further alleged that the specified unlawful activity is health care fraud, in violation of Title 18, United States Code, Section 1347.

In violation of Title 18, United States Code, Sections 1957 and 2.

<u>COUNTS 24–46</u>
**Money Laundering**
**(18 U.S.C. § 1956(a)(1)(B)(i))**

1.    The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.    On or about the dates specified below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**MARCO ANTONIO RAMOS IZQUIERDO,**
**MARELYS RUIZ ULLOA,**
**JAKELINE ACNET CANOVA CEBRIAN,**
**ROBERTO CISNEROS CEBRIAN,**
**JOSE ANTONIO RIO ROCHE,**
**REINIEL CLARO ESTRADA,**
**MARIA DE LOS ANGELES ABREU PEREZ,**
**NELSON ENRIQUE GONZALEZ DIAZ,**
**JONATHAN JOSE MARTINEZ LAMBRANO,**
**ANA MARIA GOMEZ CONTRERAS,**
**LEVY ALBERTO COLINA GARCIA, and**
**GLORIA GUILLIBETH DIAZ SALAS,**

did knowingly conduct, and attempt to conduct, a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, as more particularly described in each Count below:

| Count | Approximate Date | Defendants | Description of Transaction |
|---|---|---|---|
| 24 | January 15, 2021 | **MARCO ANTONIO RAMOS IZQUIERDO and MARIA DE LOS ANGELES ABREU PEREZ** | Check payment written from the Izquierdo Construction Account in the approximate amount of $7,500 to "Maria Abreu." |

| Count | Approximate Date | Defendants | Description of Transaction |
|---|---|---|---|
| 25 | January 15, 2021 | **MARCO ANTONIO RAMOS IZQUIERDO** and **LEVY ALBERTO COLINA GARCIA** | Check payment written from the Izquierdo Construction Account in the approximate amount of $7,000 to "Levy Colina." |
| 26 | January 15, 2021 | **MARCO ANTONIO RAMOS IZQUIERDO** and **JONATHAN JOSE MARTINEZ LAMBRANO** | Check payment written from the Izquierdo Construction Account in the approximate amount of $8,000 to "Jonathan Martinez" |
| 27 | January 15, 2021 | **MARCO ANTONIO RAMOS IZQUIERDO** and **ANA MARIA GOMEZ CONTRERAS** | Check payment written from the Izquierdo Construction Account in the approximate amount of $7,600 to "Ana Gomez" |
| 28 | January 23, 2021 | **JAKELINE ACNET CANOVA CEBRIAN** and **MARIA DE LOS ANGELES ABREU PEREZ** | Check payment written from the JCC General Bank 3 Account in the approximate amount of $6,600 to "Maria Abreu." |
| 29 | February 5, 2021 | **JAKELINE ACNET CANOVA CEBRIAN** and **LEVY ALBERTO COLINA GARCIA** | Check payment written from the JCC General Bank 3 Account in the approximate amount of $5,000 to "Levy Colina." |
| 30 | February 6, 2021 | **JAKELINE ACNET CANOVA CEBRIAN** and **GLORIA GUILLIBETH DIAZ SALAS** | Check payment written from the JCC General Bank 3 Account in the approximate amount of $4,800 to "Gloria Diaz." |
| 31 | March 11, 2021 | **ROBERTO CISNEROS CEBRIAN** and **MARIA DE LOS ANGELES ABREU PEREZ** | Check payment written from the Business Wholesale Account in the approximate amount of $4,650 to "Maria Abreu." |
| 32 | March 11, 2021 | **ROBERTO CISNEROS CEBRIAN** and **JONATHAN JOSE MARTINEZ LAMBRANO** | Check payment written from the Business Wholesale Account in the approximate amount of $4,700 to "Jonathan Martinez." |
| 33 | March 11, 2021 | **ROBERTO CISNEROS CEBRIAN** and **LEVY ALBERTO COLINA GARCIA** | Check payment written from the Business Wholesale Account in the approximate amount of $4,750 to "Levy Colina." |
| 34 | March 11, 2021 | **ROBERTO CISNEROS CEBRIAN** and **NELSON ENRIQUE GONZALEZ DIAZ** | Check payment written from the Business Wholesale Account in the approximate amount of $4,820 to "Nelson Gonzalez." |

| Count | Approximate Date | Defendants | Description of Transaction |
|---|---|---|---|
| 35 | March 11, 2021 | **ROBERTO CISNEROS CEBRIAN** and **ANA MARIA GOMEZ CONTRERAS** | Check payment written from the Business Wholesale Account in the approximate amount of $4,480 to "Ana Gomez." |
| 36 | April 9, 2021 | **MARELYS RUIZ ULLOA** and **JONATHAN JOSE MARTINEZ LAMBRANO** | Check payment written from the MDL Wholesale Bank 3 Account in the approximate amount of $5,000 to "Jonathan Martinez." |
| 37 | April 9, 2021 | **MARELYS RUIZ ULLOA** and **MARIA DE LOS ANGELES ABREU PEREZ** | Check payment written from the MDL Wholesale Bank 3 Account in the approximate amount of $4,800 to "Maria Abreu." |
| 38 | April 9, 2021 | **MARELYS RUIZ ULLOA** and **NELSON ENRIQUE GONZALEZ DIAZ** | Check payment written from the MDL Wholesale Bank 3 Account in the approximate amount of $4,640 to "Nelson Gonzalez." |
| 39 | April 9, 2021 | **MARELYS RUIZ ULLOA** and **ANA MARIA GOMEZ CONTRERAS** | Check payment written from the MDL Wholesale Bank 3 Account in the approximate amount of $4,520 to "Ana Gomez." |
| 40 | June 9, 2021 | **JOSE ANTONIO RIO ROCHE** and **ANA MARIA GOMEZ CONTRERAS** | Check payment written from the J&J Distributor Account in the approximate amount of $5,000 to "Ana Gomez." |
| 41 | June 10, 2021 | **JOSE ANTONIO RIO ROCHE** and **JONATHAN JOSE MARTINEZ LAMBRANO** | Check payment written from the J&J Distributor Account in the approximate amount of $4,550 to "Jonathan Martinez." |
| 42 | June 10, 2021 | **JOSE ANTONIO RIO ROCHE** and **GLORIA GUILLIBETH DIAZ SALAS** | Check payment written from the J&J Distributor Account in the approximate amount of $4,700 to "Gloria Diaz." |
| 43 | June 18, 2021 | **REINIEL CLARO ESTRADA** and **MARIA DE LOS ANGELES ABREU PEREZ** | Check payment written from the 1 Stop Supplies Bank 1 Account in the approximate amount of $5,000 to "Maria Abreu." |
| 44 | August 24, 2021 | **REINIEL CLARO ESTRADA** and **GLORIA GUILLIBETH DIAZ SALAS** | Check payment written from the 1 Stop Supplies Bank 2 Account in the approximate amount of $4,950 to "Gloria Diaz." |

| Count | Approximate Date | Defendants | Description of Transaction |
|---|---|---|---|
| 45 | September 10, 2021 | **REINIEL CLARO ESTRADA** and **NELSON ENRIQUE GONZALEZ DIAZ** | Check payment written from the 1 Stop Supplies Bank 2 Account in the approximate amount of $4,990 to "Nelson Gonzalez." |
| 46 | September 11, 2021 | **REINIEL CLARO ESTRADA** and **ANA MARIA GOMEZ CONTRERAS** | Check payment written from the 1 Stop Supplies Bank 2 Account in the approximate amount of $5,000 to "Ana Gomez." |

It is further alleged that the specified unlawful activity is health care fraud, in violation of Title 18, United States Code, Section 1347.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE ALLEGATIONS

1.     The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **MARCO ANTONIO RAMOS IZQUIERDO, MARELYS RUIZ ULLOA, JAKELINE ACNET CANOVA CEBRIAN, ROBERTO CISNEROS CEBRIAN, JOSE ANTONIO RIO ROCHE, REINIEL CLARO ESTRADA, MARIA DE LOS ANGELES ABREU PEREZ, NELSON ENRIQUE GONZALEZ DIAZ, JONATHAN JOSE MARTINEZ LAMBRANO, ANA MARIA GOMEZ CONTRERAS, LEVY ALBERTO COLINA GARCIA,** and **GLORIA GUILLIBETH DIAZ SALAS**, have an interest.

2.     Upon conviction of a violation of Title 18, United States Code, Sections 1956(h) or 1956(a)(1)(A)(i), as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3.     If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without

difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title

21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(1), and the procedures set forth

in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code,

Section 982(b)(1).

A TRUE BILL

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

FOREPERSON

_____ For:
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
WILL J. ROSENZWEIG
ASSISTANT UNITED STATES ATTORNEY

18

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

**CASE NO.:** __24-20238-CR-BECERRA/TORRES__

**v.**

MARCO ANTONIO RAMOS IZQUIERDO,
et al.

_____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☒ Miami     ☐ Key West     ☐ FTP
☐ FTL       ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish _____

4. This case will take __14__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I     ☐ 0 to 5 days
   II    ☐ 6 to 10 days
   III   ☒ 11 to 20 days
   IV    ☐ 21 to 60 days
   V     ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Magistrate Case No. 24-MJ-02990-EGT

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
Will J. Rosenzweig
Assistant United States Attorney
Court ID No.      A5502698

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   Marco Antonio Ramos Izquierdo

**Case No:**

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

Count #s: 3, 5, 12

Money Laundering

Title 18, United States Code, Section 1957(a)

**\* Max. Term of Imprisonment: 10 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $250,000 or Twice the Value of the Property Involved**

Count #s: 24–27

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   Marelys Ruiz Ulloa

**Case No:**

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

Count #s: 10–11, 15–16, 21–22

Money Laundering

Title 18, United States Code, Section 1957(a)

**\* Max. Term of Imprisonment: 10 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $250,000 or Twice the Value of the Property Involved**

Count #s: 36–39

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   Jakeline Acnet Canova Cebrian

**Case No:** _____

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

Count #s: 2, 4, 6

Money Laundering

Title 18, United States Code, Section 1957(a)

**\* Max. Term of Imprisonment: 10 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $250,000 or Twice the Value of the Property Involved**

Count #s: 28–30

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** _ Roberto Cisneros Cebrian

**Case No:**

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

Count #s: 7–9

Money Laundering

Title 18, United States Code, Section 1957(a)

**\* Max. Term of Imprisonment: 10 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $250,000 or Twice the Value of the Property Involved**

Count #s: 31–35

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** __Jose Antonio Rio Roche__

**Case No:** _____

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

Count #s: 13, 17, 20

Money Laundering

Title 18, United States Code, Section 1957(a)

**\* Max. Term of Imprisonment: 10 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $250,000 or Twice the Value of the Property Involved**

Count #s: 40–42

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   Reiniel Claro Estrada

**Case No:**

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

Count #s: 14, 18–19, 23

Money Laundering

Title 18, United States Code, Section 1957(a)

**\* Max. Term of Imprisonment: 10 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $250,000 or Twice the Value of the Property Involved**

Count #s: 43–46

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** __Maria De Los Angeles Abreu Perez__

**Case No:** _____

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

Count #s: 24, 28, 31, 37, 43

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:  Nelson Enrique Gonzalez Diaz

**Case No**:

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

Count #s: 34, 38, 45

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**:   Jonathan Jose Martinez Lambrano

**Case No**:

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

Count #s: 26, 32, 36, 41

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**:   Ana Maria Gomez Contreras

**Case No**:

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

Count #s: 27, 35, 39–40, 46

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Levy Alberto Colina Garcia

**Case No:** 

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

Count #s: 25, 29, 33

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

**\*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   Gloria Gullibeth Diaz Salas

**Case No:**

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

Count #s: 30, 42, 44

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)

**\* Max. Term of Imprisonment: 20 Years**
**\* Man. Min. Terms of Imprisonment: N/A**
**\* Max. Supervised Release: 3 Years**
**\* Max. Fine: $500,000 or Twice the Value of the Property Involved**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**